# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DERRICK E. BROOKS,<br><br>               Plaintiff,<br><br>v.<br><br>CAPTAIN GLOUDEMANS, LT. SERRANO, R. SMITH, M. SMITH, S. ANDERSON, C.O. GOTTI, SGT. STINE, and C.O. MARTEN,<br><br>               Defendants. | Case No. 16-CV-77-JPS<br><br><br>**ORDER** |

On December 1, 2016, Defendants filed a motion for summary judgment as to all of Plaintiff's claims. (Docket #18). Plaintiff never responded, and the Court was obliged to grant the motion on the undisputed facts in the record in an order dated January 19, 2017. *See* (Docket #32). On June 5, 2017, nearly five months after judgment was entered, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) requesting leave to respond to Defendants' motion for summary judgment. (Docket #35).[1]

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether

---

[1]In construing *pro se* filings generously, the Court is required to consider what grounds for post-judgment relief might be appropriate, regardless of the authorizing Rule the litigant actually cited. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because Plaintiff identifies only purported legal errors the Court committed, Rule 59 is the appropriate starting point for his motion, and other rules, like Rule 60(b), are not. *See id.*; Fed. R. Civ. P. 60(b).

to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Similarly, Rule 60 allows the Court to vacate a judgment based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Plaintiff any relief here. First, his Rule 59(e) motion had to be filed no later than twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). The Court cannot extend this deadline. *Id.* 6(b)(2). Thus, whatever its merit, Plaintiff's request under Rule 59(e) is untimely.

A motion under Rule 60(b) must be made "within a reasonable time," and usually within one year of the entry of judgment. *Id.* 60(c). Yet even assuming for present purposes that Plaintiff's Rule 60(b) motion is timely, it is without merit. Plaintiff points to no newly discovered evidence supporting his claims, nor does he even attempt to justify his complete failure to respond to Defendants' motion for summary judgment in a timely fashion. Indeed, he makes no effort to tether his request for relief to the specific bases enumerated in the Rule. *See* (Docket #35 at 1).

Instead, he appears to claim that his verified complaint provided facts sufficient to preclude the entry of summary judgment. *See id.*

However, simply verifying a complaint is not enough under the Local Rules, which provide that failure to respond to a movant's statement of material facts permits the Court to consider them admitted. Civ. L. R. 56(b)(4). Even in cases brought by *pro se* plaintiffs, in which the Court must liberally construe the plaintiff's filings, the Court is entitled to strictly enforce the rules regarding summary judgment procedure. *See Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006).

Plaintiff ignored these rules entirely. In such a case, the Court is not required to search for helpful evidence on his behalf. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing."). Plaintiff's failure to appreciate the consequences of disregarding the rules of this Court is no excuse—and certainly not five months after the case was closed. As such, Plaintiff's motion must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief under Rules 59 and 60 (Docket #35) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge